IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HUNTLEY L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-377 (GMS) |
| | ) | |
| MONTEREY MUSHROOMS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MONTEREY MUSHROOMS' OPENING BRIEF IN SUPPORT OF
ITS RULE 41(d) MOTION FOR COSTS OF PREVIOUS ACTION AND
STAY OF CURRENT ACTION PENDING PLAINTIFF'S COMPLIANCE**

<br>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Defendant*
*Monterey Mushrooms, Inc.*

OF COUNSEL:

Ricardo Rodriguez
Reuben H. Chen
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000

July 28, 2008

TABLE OF CONTENTS

PAGE

I.      NATURE AND STAGE OF THE PROCEEDING...................................................1

II.     SUMMARY OF ARGUMENT ..........................................................................1

III.    STATEMENT OF FACTS ...............................................................................2

IV.     ARGUMENT ..............................................................................................4

        A.      Legal Standard ...............................................................................4

        B.      Costs of the Previous Action and a Stay of the Current Action Are
                Justified ........................................................................................5

                1.      Huntley should be required to pay costs since Huntley's second
                        complaint includes essentially the same claim as its first complaint,
                        and the current action should be stayed until Huntley has complied.........5

                2.      Attorney's fees are recoverable under Rule 41(d) and are justified
                        to prevent prejudice to Monterey Mushrooms...........................................7

V.      CONCLUSION.............................................................................................9

TABLE OF CITATIONS

PAGE

## CASES

*Activox, Inc. v. Envirotech Corp.*
   532 F. Supp. 248 (S.D.N.Y. 1981)...................................................................... 5

*Behrle v. Olshansky*
   139 F.R.D. 370 (W.D. Ark. 1991) ................................................................ 1, 8

*Cadle Co. v. Beury*
   242 F.R.D. 695 (S.D. Ga. 2007) ............................................................... 1, 7, 8

*Esquivel v. Arau*
   913 F. Supp. 1382 (C.D. Cal. 1996) .................................................... *passim*

*Evans v. Safeway Stores, Inc.*
   623 F.2d 121 (8th Cir. 1980) ...................................................................... 1, 7

*Loubier v. Modern Acoustics, Inc.,*
   178 F.R.D. 17 (D. Conn. 1998)............................................................... 1, 5, 7

*Meredith v. Stovall,*
   216 F.3d 1087, 2000 WL 807355 (10th Cir. 2000) .......................... 1, 4, 7

*Pittsburgh Jaycees v. U.S. Jaycees*
   89 F.R.D. 454 (W.D. Pa. 1981) ...................................................................... 8

*Whitehead v. Miller Brewing Co.*
   126 F.R.D. 581 (M.D. Ga. 1989) ........................................................... 1, 6, 8

*Zucker v. Katz*
   708 F. Supp. 525 (S.D.N.Y. 1989)................................................................. 5

*Zucker v. Katz*
   No. 87 Civ. 7595 (SWK), 1990 WL 20171 (S.D.N.Y. Feb. 21, 1990)................................. 1, 8

## STATUTES

D. Del. L.R. 7.1.2(b) ....................................................................................... 6
Federal Rule of Civil Procedure 12(b)(1) ................................................... 2
Federal Rule of Civil Procedure 41 .................................................. *passim*
Federal Rule of Civil Procedure 54(d)(1) ................................................... 7

## TREATISES

8-41 *Moore's Federal Practice – Civil* § 41.70[6] .................................. 1, 7

## I.    NATURE AND STAGE OF THE PROCEEDING

Eleven months after voluntarily dismissing its first suit,[1] Plaintiff Huntley L.L.C.

("Huntley") has filed a second Complaint against Defendant Monterey Mushrooms, Inc.

("Monterey Mushrooms").  (Complaint, D.I. 1.)  Monterey Mushrooms submits this brief in

support of its motion for costs of the previous action and for a stay of the current action pending

Huntley's compliance.  (Rule 41(d) Motion for Costs and Stay.)

## II.    SUMMARY OF ARGUMENT

Pursuant to Federal Rule of Civil Procedure 41(d), if a plaintiff who has dismissed

an action commences a second action based upon or including the same claim against the same

defendant, the Court may order the plaintiff to pay costs incurred by the defendant in defending

the previous action and may stay the current action until the plaintiff has complied with the

order.  *See* Fed. R. Civ. P. 41(d).  "The costs available under Rule 41(d) have generally been held

to include attorney's fees . . . ."  8-41 *Moore's Federal Practice – Civil* § 41.70[6]; *see also*

*Meredith v. Stovall*, 216 F.3d 1087, 2000 WL 807355, at \*1 (10th Cir. 2000); *Evans v. Safeway*

*Stores, Inc*, 623 F.2d 121, 121-22 (8th Cir. 1980); *Cadle Co. v. Beury*, 242 F.R.D. 695, 698-700

(S.D. Ga. 2007); *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 23 (D. Conn. 1998); *Esquivel*

*v. Arau*, 913 F. Supp. 1382, 1388-92 (C.D. Cal. 1996);  *Behrle v. Olshansky*, 139 F.R.D. 370,

373-76 (W.D. Ark. 1991); *Zucker v. Katz*, No. 87 Civ. 7595 (SWK), 1990 WL 20171, at \*1-2

(S.D.N.Y. Feb. 21, 1990); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581, 582 (M.D. Ga.

1989).

---

[1]    On July 31, 2007, Huntley filed a "Motion of Withdrawal of Complaint," stating that "[n]o answer to the complaint has been filed."  (D.I. 10, *Huntley & Associates, LLC v. Monterey Mushrooms Inc.*, C.A. No. 07-086 (GMS) ("Huntley I").)  Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  Fed. R. Civ. P. 41(a)(1)(A)(i).

Here, eleven months after voluntarily dismissing its first suit, Huntley has filed a second Complaint against Monterey Mushrooms that includes essentially the same claim as in Huntley's first complaint. (*Compare* Complaint ¶¶ 9-12, D.I. 1, Huntley I with Complaint ¶¶ 13, 15-17, D.I. 1, Huntley II.) Huntley can provide no persuasive justification for voluntarily dismissing its first suit after Monterey Mushrooms spent time, resources, and money in filing a motion to dismiss and after the Court had ordered Huntley to file an opposition. (07/18/07 Order, D.I. 9, Huntley I.) Indeed, prior to dismissing its complaint, Huntley informed counsel for Monterey Mushrooms that "[Huntley had] reviewed [Monterey Mushrooms'] motion to dismiss and rather than argue or try to make some new law [was] willing to let [the suit] drop at this point." (Ex. 1 attached hereto.) Substantial costs incurred by Monterey Mushrooms in defending the first suit either have been wasted or will need to be duplicated in the second suit. To prevent further prejudice to Monterey Mushrooms and to deter Huntley's conduct, Monterey Mushrooms respectfully requests that the Court order Huntley to pay the reasonable costs of the previous action and to stay the current action until Huntley has complied with the order.

## III.    STATEMENT OF FACTS

On February 16, 2007, Huntley filed its first suit against Monterey Mushrooms, *Huntley & Associates, L.L.C. v. Monterey Mushrooms, Inc.*, C.A. No. 07-086 (GMS) ("Huntley I"). In response to Huntley's complaint, on June 13, 2007, Monterey Mushrooms filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Huntley's opposition to this motion was due on July 2, 2007, but Huntley failed to file a timely opposition. Instead, on July 13, 2007, Huntley called counsel for Monterey Mushrooms and left a message stating:

> I have reviewed your motion to dismiss and rather than argue or try to make some new law I'm willing to let this drop at this point. Please let me know whether it would be more convenient for you whether I simply did not oppose the motion or since an answer to the complaint has not been filed whether it would be easier if I simply withdrew the complaint.

(Ex. 1.)  Yet, on July 17, 2007, Huntley sent a letter to counsel for Monterey Mushrooms suggesting that the parties enter into a settlement agreement whereby Monterey Mushrooms would pay Huntley $82,341.73 in exchange for dismissing the suit.  (Ex. 2 attached hereto.)  On July 18, 2007, the Court issued its Order stating that Huntley's opposition to Monterey Mushrooms' motion to dismiss was due July 2, 2007 and ordering Huntley to file an opposition by August 1, 2007.  (*See* Order, D.I. 9, Huntley I.)  Rather than file an opposition, Huntley filed a "Motion of Withdrawal of Complaint" on July 31, 2007, stating that "[n]o answer to the complaint has been filed."  (D.I. 10, Huntley I.)[2]

Ten months later, on May 29, 2008, Huntley sent a letter to counsel for Monterey Mushrooms stating that Huntley was prepared to renew his complaint if Monterey Mushrooms did not pay Huntley $82,341.73 allegedly owed by EPL Technologies, Inc ("EPL") to Huntley. (Ex. 3 attached hereto.)  Counsel for Monterey Mushrooms subsequently corresponded with Huntley and requested that Huntley provide the legal basis for its claim that Monterey Mushrooms is liable for the fees and other charges allegedly owed by EPL to Huntley, including citation to relevant authority.  Huntley responded that "citations that support our position. . . . will, of course, be provided to the Court at the appropriate time" and further stated that "your research capabilities and those of your local counsel vastly exceed ours, and would probably produce the most complete picture for you and your clients."  (Exs. 4-7 attached hereto.)  On June 24, 2008, Huntley filed its second Complaint against Monterey Mushrooms.  The Complaint includes a nearly identical cause of action for patent infringement that was the sole cause of action in Huntley's first suit.  (*Compare* Complaint ¶¶ 9-12, D.I. 1, Huntley I with

---

[2]    Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  Fed. R. Civ. P. 41(a)(1)(A)(i).

Complaint ¶¶ 13, 15-17, D.I. 1, Huntley II.)  Additional facts are set forth in the Argument

section, *infra*, as appropriate.

IV.   **ARGUMENT**

    A.   **Legal Standard.**

    Federal Rule of Civil Procedure 41(d) states:

> If a plaintiff who previously dismissed an action in any court files an action based
> on or including the same claim against the same defendant, the court: (1) may
> order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).  The decision whether to impose costs pursuant to Rule 41(d) is within the

broad discretion of the Court.  *See Meredith*, 216 F.3d 1087, 2000 WL 807355 at *1 ("Under the

language of Rule 41(d), the decision whether to impose costs and attorney's fees is within the

discretion of the trial court.  We therefore review the district court's imposition of costs and

attorney's fees in this case for abuse of discretion . . . .  [W]e find no abuse of discretion in this

case . . .") (internal citations omitted); *Esquivel*, 913 F. Supp. at 1386 ("The language of Rule

41(d) clearly indicates that it conveys 'broad discretion' on federal courts to order stays and

payment of costs . . .").

    Rule 41(d) applies to a new action "based on or including the same claim against

the same defendant" as a previous action.  Fed. R. Civ. P. 41(d).  The inclusion of new legal

claims in the second action will not defeat an award of costs.  *See Esquivel*, 913 F. Supp. at 1387

(finding Rule 41(d) satisfied where second suit incorporated all the claims of the previous action,

but included additional claims).

    Additionally, courts have stated that there is no requirement that the defendant

show bad faith by the plaintiff in voluntarily dismissing the first action.  Instead, courts have

indicated that so long as the plaintiff's conduct satisfies the requirement of Rule 41(d) and the

plaintiff has not shown persuasive justification for voluntarily dismissing the first action, costs

may be awarded to prevent prejudice to the defendant.  As stated by the court in *Esquivel*:

> [T]here is no requirement of a showing of subjective 'bad faith' either in the language of Rule 41(d) or in the relevant case law . . . .  [T]he court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant.  Here [the plaintiff] has failed to present a persuasive explanation . . . and it is clear that defendants have incurred needless expenditures as a result.

*Esquivel*, 913 F. Supp. at 1388; *see also Loubier*, 178 F.R.D. at 22 ("There is no requirement in

Rule 41(d) or the relevant case law that a defendant must show bad faith on the part of the

plaintiff in order to recover costs."); *Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989)

("Plaintiff does not argue that it had any persuasive justification or good reason for voluntarily

dismissing the first action, then filing a nearly identical second action . . . .  This action falls

within the scope of Rule 41(d) and the Court finds [] no adequate justification for the dismissal

that would support denial of this motion [for costs]."); *cf. Activox, Inc. v. Envirotech Corp.*,

532 F. Supp. 248, 251 (S.D.N.Y. 1981) ("Whatever the strategy of [the plaintiff] may have been

in dismissing its prior action, by virtue of Fed. R. Civ. P. 41(d) it is now subject to 'the payment

of costs of the action previously dismissed.'").

       **B.**     **Costs of the Previous Action and a Stay of the Current Action Are Justified.**

          **1.**     **Huntley should be required to pay costs since Huntley's second complaint includes essentially the same claim as its first complaint, and the current action should be stayed until Huntley has complied.**

The requirements of Rule 41(d) are satisfied since the first cause of action in the

current Complaint is nearly identical to the sole cause of action in the original complaint, and

both complaints are against the same defendant, Monterey Mushrooms.  (*Compare* Complaint

¶¶ 9-12, D.I. 1, Huntley I with Complaint ¶¶ 13, 15-17, D.I. 1, Huntley II.)  Further, the

additional causes of action in the current Complaint are based on essentially the same alleged

operative facts as the original complaint, mainly Huntley's allegations that it is the owner of an equitable interest in United States Patent No. 6,500,476 and that it recorded its interest with the United States Patent and Trademark Office.  *See Esquivel*, 913 F. Supp. at 1387 (although new claims were included in the second action, the court found "the operative facts alleged [were] essentially the same"); *see also Whitehead*, 126 F.R.D. at 581-82 (granting the defendant's motion for costs where factual allegations in plaintiff's latest complaint were "practically identical" to earlier complaint even though the suits had different statutory bases).

Huntley can proffer no good reason for withdrawing its first complaint after Monterey Mushrooms spent time, resources, and money defending against the first complaint, and then eleven months later bringing a second suit that includes the same claim as the first suit. Indeed, during the first suit, Huntley admitted to counsel for Monterey Mushrooms that "[Huntley had] reviewed [Monterey Mushrooms'] motion to dismiss and rather than argue or try to make some new law [was] willing to let [the suit] drop at this point."  (Ex. 1.)  Yet, in the second Complaint, Huntley includes the same claim for patent infringement that it indicated it had no legal basis to bring.  If Huntley had support for its claim, it should have opposed Monterey Mushrooms' motion to dismiss within the time frames set by D. Del. L.R. 7.1.2(b) and subsequently by the Court.  (*See* Order, D.I. 9, Huntley I.)  Instead, by waiting eleven months and then bringing the same claim, substantial costs incurred by Monterey Mushrooms in defending the first suit either have been wasted or will need to be duplicated in the second suit. These costs include drafting and filing of counsel's notice of appearance, drafting and filing of counsel's motion for *pro hac vice* appearance; payment of *pro hac vice* fees; drafting, filing, and serving the motion to dismiss Huntley's first complaint; review of the Court's order directing Huntley to file its opposition; review of correspondence from Huntley; review of Huntley's

- 6 -

proposed settlement agreement; review of Huntley's Motion to Withdraw; expenses for printing, copying, telephone calls, and faxes; and, given the length of time between the first and second suit, reexamination and key-citing of relevant cases.[3]  In total, Monterey Mushrooms respectfully requests the Court order Huntley to pay $27,831.63 of the total $43,761.06 incurred by Monterey Mushrooms in the previous action[4] and to stay the current action until Huntley has complied with the Court's order.  As discussed, *infra*, these costs appropriately include attorney's fees.

### 2.    Attorney's fees are recoverable under Rule 41(d) and are justified to prevent prejudice to Monterey Mushrooms.

"The costs available under Rule 41(d) have generally been held to include attorney's fees."  8-41 *Moore's Federal Practice – Civil* § 41.70[6] (2008).  While the Third Circuit has not directly addressed the question of whether attorney's fees are available under Rule 41(d), courts in other jurisdictions have held that it is within a court's discretion to award attorney's fees as part of the costs available under Rule 41(d)  *See Meredith*, 216 F.3d 1087, 2000 WL 807355, at *1 (Tenth Circuit affirmed trial court's decision to award attorney's fees under Rule 41(d)); *Evans*, 623 F.2d at 121-22 (Eighth Circuit affirmed trial court's decision to award attorney's fees under Rule 41(a)(2) and (d)); *Cadle*, 242 F.R.D. at 698-700 (awarding attorney's fees, court for the Southern District of Georgia stated that "[h]ad the Rule drafters intended Rule 41(d) to not include attorney's fees, they would have deployed the same phrase – 'costs other than attorneys' fees' utilized in Rule 54(d)(1)"); *Loubier*, 178 F.R.D. at 23 (court for the District of Connecticut awarded attorney's fees under Rule 41(d)); *Esquivel*, 913 F. Supp. at 1388-92 (court for the Central District of California awarded attorney's fees under Rule 41(d));

---

[3]    Monterey Mushrooms will submit itemized invoices detailing the costs expended in the first action for *in camera* review if and when deemed necessary by the Court.  The invoices reflect information that is subject to the attorney-client privilege.

[4]    Certain itemized costs have been discounted by 50% to reflect a portion of the work being useful in defending against Huntley's second complaint.

*Behrle*, 139 F.R.D. at 373-76 (court for the Western District of Arkansas awarded attorney's fees under Rule 41(d)); *Zucker*, 1990 WL 20171, at *1-2 (court for the Southern District of New York awarded attorney's fees under Rule 41(d)); *Whitehead*, 126 F.R.D. at 582 (court for the Middle District of Georgia awarded attorney's fees under Rule 41(d)).

If attorney's fees are not included in costs under Rule 41(d), the rule would not be an adequate deterrent to the filing of duplicative lawsuits.  As stated by the court in *Behrle*, if courts do not have the discretion to award attorney's fees as part of Rule 41(d)'s "costs," then the Rule "has no 'teeth' and is useless.  If that is the law, the provision of Rule 41(d) will not serve its intended purpose of encouraging parties not to act as plaintiff has acted in this case, to the substantial detriment of the defendant."  *Behrle*, 139 F.R.D. at 373; *see also Cadle*, 242 F.R.D. at 698 ("To interpret 'costs' in Rule 41(d) to exclude attorney's fees would render that Rule a dead letter, eliminating any deterrence it would provide"); *Esquivel*, 913 F. Supp. at 1391 ("[I]f Rule 41(d)'s purpose is to prevent undue prejudice to a defendant from unnecessary or vexatious litigation, there does not seem to be a clear reason why Rule 41(d) would provide only for an award of costs *exclusive* of attorneys' fees, since the typical defendant cannot adequately defend a case without incurring such fees.").

Authority to award attorney's fees under Rule 41(a)(2) also supports the conclusion that attorney's fees are available under Rule 41(d).  *See Pittsburgh Jaycees v. U.S. Jaycees*, 89 F.R.D. 454, 455 (W.D. Pa. 1981) (noting that the award of attorney's fees is "very common as a condition to a [Rule 41(a)(2)] voluntary dismissal").  As explained by the court in *Esquivel*, "it would be inconsistent to conclude that a court has discretion to condition Rule 41(a)(2) voluntary dismissal without prejudice on payment of attorneys' fees, but that a court does *not* have

- 8 -

discretion [under Rule 41(d)] to exact the same payment from a plaintiff who has noticed a Rule 41(a)(1) dismissal in a previous case." *Esquivel*, 913 F. Supp. at 1391.

Here, Monterey Mushrooms respectfully requests that the Court exercise its discretion to include attorney's fees in an award of costs because the prejudice caused by Huntley's conduct consists principally of attorney's fees incurred by Monterey Mushrooms in the previous action that either have been wasted or will need to be duplicated in the current action. Unless Huntley is required to pay attorney's fees, at least to the extent that the work associated with those fees cannot be used in the second action, Rule 41(d) would not provide an adequate deterrent against Huntley's improper conduct.

## V.    CONCLUSION

For the foregoing reasons, Monterey Mushrooms respectfully requests that the Court grant its Rule 41(d) Motion for Costs of the Previous Action and for Stay of the Current Action Pending Plaintiff's Compliance.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Defendant*
*Monterey Mushrooms Inc.*

OF COUNSEL:

Ricardo Rodriguez
Reuben Chen
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000

July 28, 2008
2428028

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants.

I also certify that on July 28, 2008, true and correct copies of the foregoing were caused to be served upon the following individuals in the manner indicated:

### <u>BY E-MAIL & HAND-DELIVERY</u>

Donald W. Huntley
HUNTLEY & ASSOCIATES
1105 North Market Street
Wilmington, DE  19899-0948

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
tgrimm@mnat.com

2428028

# EXHIBIT 1



# MEMORANDUM

| | |
|---|---|
| **TO:** | FILE |
| **FROM:** | Cooley Godward Kronish |
| **RE:** | Monterey Mushrooms |

### TELEPHONE MESSAGE FROM DON HUNTLEY TO BEN  SCHLADWEILER OF 7/13/07

Mr. Schladweiler this is Don Huntley, I am calling in regards to the Monterey Mushrooms matter, and I had left a message for Tom Grimm basically I'll give you the same content.  I have reviewed your motion to dismiss and rather than argue or try to make some new law I'm willing to let this drop at this point.  Please let me know whether it would be more convenient for you whether I simply did not oppose the motion or since an answer to the complaint has not been filed whether it would be easier if I simply withdrew the complaint.  Thanks very much, my direct number is 426-0619.  As I mentioned before to Tom I currently do not have Internet access and probably won't until Monday, so phone or fax probably would be the best way to communicate. Thanks very much.

EXHIBIT 2

**HUNTLEY, L.L.C.**
**1220 NORTH MARKET STREET**
**P.O. BOX 948**
**WILMINGTON, DE 19899-0948**

TELEPHONE: (302) 426-0610
FACSIMILE:(302) 426-0612

WRITER'S EXTENSION:    19
WRITER'S E-MAIL:    huntley@monopolize.com

July 17, 2007

**<u>BY HAND</u>**
Thomas C. Grimm, Esquire
Benjamin J. Schladweiler, Esquire
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899-1347

**RE: Huntley & Associates v Monterey Mushrooms Inc.**
**US District Court No.: 1:07-cv-86**
**Cooley Client No.: 136023-000**
**<u>Our Reference No.: 10031</u>**

Gentlemen:

In order to bring an end to this long saga, I suggest that we enter into a Settlement Agreement in the form enclosed, under which the past EPL charges would be paid, and obviate the need for further action against any of Monterey, Paul Devine and EPL.

Ben had agreed to prepare a draft of a Stipulation of Dismissal in the above case.

We are still in a transition mode here. E-mail probably will not be functional until July 22. Phones and fax are all operational. However, our offices are now right across the street if you would like to meet to discuss this.

Regards,

Donald W. Huntley

Enclosure
I:\clients.huntleyvmonterey\Correspondence\Grimm&Schladweilerltr.1.doc

## SETTLEMENT AGREEMENT

THIS AGREEMENT, effective this ___ day of July, 2007, between

HUNTLEY & ASSOCIATES, L.L.C.,

> A corporation of the State of Delaware, U.S.A., with its principal place of business at 1220 North Market Street, P.O. Box 948, Wilmington, DE 19899-0948, U.S.A., hereinafter referred to as "Huntley,"

and

MONTEREY MUSHROOMS, INC.

> A corporation of the State of California, U.S.A., with principle place of business at 260 Westgate Drive, Watsonville, CA 95076-2452, hereinafter referred to as "Monterey,"

### W I T N E S S E T H, That:

WHEREAS an action between the parties is pending in the District Court for the District of Delaware; and

WHEREAS the parties desire to settle the pending action and all related issues on the terms set forth herein;

NOW, THEREFORE, the parties agree as follows:

### ARTICLE I – DEFINITIONS

As used in this Agreement:

A.    "Effective Date" means the date indicated above as the effective date of this Agreement.

B.    "Pending Action" means CA 07-086 (GMS) in the United States District Court for the District of Delaware.

### ARTICLE II – PAYMENT BY MONTEREY

Within ten (10) days from the Effective Date of this Agreement, Monterey shall pay to Huntley the sum of eighty-two thousand three hundred forty-one dollars and seventy-three cents ($82,341.73).

### ARTICLE III – TERMINATION OF PENDING ACTION

Within five (5 ) days from the receipt of payment from Monterey specified in Article II above, Huntley and Monterey shall execute a Stipulation of Dismissal

substantially in the form attached hereto as Exhibit A.  The parties shall cause the Stipulation to be filed with the District Court for the District of Delaware.

ARTICLE IV – EQUITABLE CLAIM

Within five (5) days of the filing of the Stipulation in accordance with Article III above, Huntley will file a Withdrawal of Notice of Equitable Claim in the U.S. Patent Office for recording, substantially in the form attached hereto as Exhibit B.

IN WITNESS WHEREOF, the parties have executed this Agreement and have entered the effective date on the first page hereof.

HUNTLEY & ASSOCIATES, L.L.C.


By _____

Donald W. Huntley


MONTEREY MUSHROOMS, INC.


By _____

Title: _____


L.: Clients\HuntleyvMonterey\Documents\Settlement Agreement.doc

## WITHDRAWAL OF NOTICE OF EQUITABLE CLAIM

The undersigned, Donald W. Huntley, hereby withdraws the Notice of Equitable Claim that was filed with the United States Patent and Trademark Office on December 16, 2002 and recorded at Reel 0135856, Frame 0948.

Subscribed and sworn to this __day of July 2007.


_____
Donald W. Huntley

STATE OF DELAWARE            )
                             ) SS:
COUNTY OF NEW CASTLE         )

Subscribed and sworn to before me this __day of July 2007


_____


L:\clients\Huntley v Monterey\Withdrawal of Notice of Claim.doc

EXHIBIT 3

1220 NORTH MARKET STREET
P.O. BOX 948
WILMINGTON, DE 19899-0948

TELEPHONE: (302) 426-0610
FACSIMILE: (302) 426-0612

WRITER'S EXTENSION:       19
WRITER'S E-MAIL:       huntley@monopolize.com

May 29, 2008

Thomas C. Grimm, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1374

Dear Tom:

     You represented Monterey Mushrooms in an earlier action regarding Martin et al, United States Patent No. 6,500,476. This patent, entitled "Preservation Compositions and Process for Mushrooms," covers a process for washing mushrooms without them going black. As a result of this patented washing, Monterey is able to continue serving markets that were previously unavailable. It would appear that this patent, and the system it describes, is important to the continued success of Monterey.

     We understand that Monterey acquired an assignment from EPL Technologies, Inc. executed on May 7, 2003. Before the assignment was executed, this firm filed an equitable claim recorded with the United States Patent and Trademark Office on December 16, 2002. As this recording was a matter of public record, Monterey knew, or should have known, of its existence. As a result of the assignment, Monterey acquired "all rights title and interest" in the above patent. As assignee, Monterey is responsible for equitable claims held by third parties that were originally held by the assignor, EPL. This firm has unpaid charges of $82,341.73 owed to us by EPL. This is the basis for the equitable claim covered by the fundamental principles of assignment law. Put simply, fees that were owed to this firm by EPL are now, as result of the assignment, owed by Monterey.

     We are prepared to renew our complaint filed, and subsequently withdrawn, in the United States District Court of Delaware on August 1, 2007. As we continue to hold an equitable interest, we allege that Monterey is infringing the above patent. It was suggested in your motion responding to our complaint, that we lacked standing to bring a patent infringement claim against

Monterey.  We are now prepared to re-file our complaint, asking the court, in its equitable jurisdiction, to correct any defects in title to the Martin et al patent.

Please review our position.  I am confident you will reach the same conclusion that I have, namely, holding Monterey responsible for our unpaid fees.  Our hope is to avoid the unnecessary delay and costs spent pursuing this matter in court.  However, we are prepared to promptly re-file a civil suit against Monterey.

Please give us your thoughts within ten days on Monterey's position.  Please also let us know whether you would be willing to accept service of a new complaint on behalf of Monterey.

Very truly yours,

Donald W. Huntley

C: Ricardo Rodriguez, Esq.
L:\ clients.huntleyvmonterey/Grimm.1.ltr.

EXHIBIT 4



Reuben H. Chen                                                          VIA EMAIL AND U.S. MAIL
(650) 843-5480
rchen@cooley.com


Donald W. Huntley, Esq.
Huntley L.L.C.
P.O. Box 948
Wilmington, ED 19899-0948

Dear Mr. Huntley:

I write in response to your May 29th letter to Mr. Grimm and to follow up on Mr. Rodriguez's letter of June 9th. We have discussed your letter with Monterey Mushrooms. In order to provide a proper response, we ask that you provide us with the legal basis for your contention that Monterey Mushrooms, as assignee of U.S. Patent No. 6,500,476, is responsible for paying the charges you state were owed to you by EPL. As you know, we filed a motion to dismiss on this issue, and you dismissed the case without responding to our motion. Thus, we still do not know your basis for your assertion. Please cite relevant case law and/or other legal authority so that we may evaluate it.

Sincerely,

Reuben Chen


cc      Thomas C. Grimm
        Ricardo Rodriguez



775460 v1/PA

EXHIBIT 5

 

# HUNTLEY LLC

RECEIVED

1220 NORTH MARKET STREET
P.O. BOX 948
WILMINGTON, DE 19899-0948

JUN 2 3 2008

TELEPHONE: (302) 426-0610
FACSIMILE: (302) 426-0612

WRITER'S EXTENSION: 19
WRITER'S EMAIL: HUNTLEY@MONOPOLIZE.COM

June 20, 2008

**VIA EMAIL (rchen@cooley.com) and CONFIRMATION MAIL**
Reuben Chen, Esquire
Cooley Godward Kronish, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

### RE: Huntley & Associates v Monterey Mushrooms Inc.
### Cooley Client No.: 136023-000
### Our Reference No.: 10031

Dear Mr. Chen:

Thank you for your recent undated letter regarding the above matter.

With Monterey's long delay in dealing with this matter, we are filing a renewed complaint. Please let me know whether Monterey is willing to accept service on your local counsel here.

You asked about citations that support our position. These will, of course, be provided to the Court at the appropriate time. In the meantime, your research capabilities and those of your local counsel vastly exceed ours, and would probably produce the most complete picture for you and your clients.

By the way, the accepted abbreviation for Delaware is "DE."

Very Truly Yours,

**/s/ Don Huntley**

Donald W. Huntley

cc      Thomas C. Grimm, Esquire
        Ricardo Rodriguez, Esquire

I:\clients\huntley\monterey\Correspondence\cooley-chen 6-20-08-1

EXHIBIT 6



Reuben H. Chen
(650) 843-5480
rchen@cooley.com

VIA EMAIL AND U.S. MAIL

June 24, 2008

Donald W. Huntley, Esq.
Huntley L.L.C.
P.O. Box 948
Wilmington, DE 19899-0948

Dear Mr. Huntley:

I respond to your June 20th letter.  Monterey Mushrooms is willing to accept service of your complaint on Mr. Grimm, on the condition that you agree to a stipulation to extend the time in which Monterey Mushrooms may answer or otherwise respond to your complaint by 30 days.

Please be aware that we may file for costs and fees of the previously dismissed action under Federal Rule of Civil Procedure 41(d).  Additionally, we are disappointed that you have declined to provide any legal basis for your claim, since Federal Rule of Civil Procedure 11 requires you to have such a basis prior to instigating litigation.  If you have no such basis, we will seek appropriate relief from the Court.  Please let us know if you would reconsider your position.

Sincerely,

Reuben Chen

cc     Thomas C. Grimm
       Ricardo Rodriguez

775633 v1/PA

EXHIBIT 7

# HUNTLEY LLC
1220 NORTH MARKET STREET
P.O. BOX 948
WILMINGTON, DE 19899-0948

TELEPHONE: (302) 426-0610
FACSIMILE: (302) 426-0612

WRITER'S EXTENSION: 19
WRITER'S E-MAIL: HUNTLEY@MONOPOLIZE.COM

June 25, 2008

**VIA EMAIL (rchen@cooley.com) and CONFIRMATION MAIL**
Reuben Chen, Esquire
Cooley Godward Kronish, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

> **RE: Huntley & Associates v Monterey Mushrooms Inc.**
> **Cooley Client No.: 136023-000**
> **Case No. 08-cv-377**
> **Our Reference No.: 10031**

Dear Mr. Chen:

Thank you for your letter of June 24th. A new civil action has been filed against Monterey Mushrooms in the United States District Court for the District of Delaware on June 24, 2008. Please understand we did not receive a timely response from you, indicating whether Mr. Grimm would accept service of our complaint. We accordingly served Mr. Shah Kazemi, the President and C.E.O. of Monterey. A courtesy copy of our complaint will be enclosed with Mr. Grimm's copy of this letter.

At your suggestion, we reviewed Rule 11 of the Federal Rules of Civil Procedure. As we understand, the rule does not require us to disclose to you, or the Defendant, the legal basis for our claims at this point in the proceedings. It is sufficient that we have a legal basis for our claims brought in the complaint. As I mentioned previously, your research capabilities, and those of your local counsel, vastly exceed ours, and would probably produce the most complete picture for you and your clients.

Thank you for the offer made in your letter of June 24th regarding service. As we have already served Monterey, there is no need for Mr. Grimm to accept service of our complaint.

Very truly yours,

Donald W. Huntley

cc Thomas C. Grimm, Esq. (w/encl.)
Enclosure
L:\ clients\huntleyvmonterey\cooley-chen 6-25-08.1.doc