IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUNTLEY L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 08-377 (GMS) |
| ) | |
| MONTEREY MUSHROOMS INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT MONTEREY MUSHROOMS' OPENING BRIEF
### IN SUPPORT OF ITS RULE 12(b)(1) MOTION TO DISMISS WITH PREJUDICE
### FOR LACK OF STANDING AND SUBJECT MATTER JURISDICTION

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Thomas C. Grimm (#1098)<br>Benjamin J. Schladweiler (#4601)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200 |
| OF COUNSEL: | tgrimm@mnat.com<br>*Attorneys for Defendant*<br>*Monterey Mushrooms, Inc.* |
| Ricardo Rodriguez<br>Reuben H. Chen<br>COOLEY GODWARD KRONISH LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA  94306-2155<br>(650) 843-5000 |  |
| July 28, 2008 |  |

## TABLE OF CONTENTS

**PAGE**

I. NATURE AND STAGE OF THE PROCEEDING ............................................................. 1

II. SUMMARY OF ARGUMENT ........................................................................................ 1

III. STATEMENT OF FACTS ............................................................................................... 2

IV. ARGUMENT .................................................................................................................... 3

    A. Legal Standard ...................................................................................................... 3

    B. Huntley Lacks Standing to Sue .............................................................................. 4

        1. Huntley has not demonstrated any equitable interest in the '476 Patent and lacks standing to sue on any of his causes of action ................ 4

        2. Even if Huntley has an equitable interest, Huntley lacks standing to sue on his patent infringement action since an equitable interest does not confer standing in an action "at law." ........................................ 5

V. CONCLUSION .................................................................................................................. 6

TABLE OF CITATIONS

PAGE

**CASES**

*Affymetrix, Inc. v. Illumina, Inc.*
   446 F. Supp. 2d 292 (D. Del. 2006)..................................................................... 1, 3
*Arachnid, Inc. v. Merit Indus., Inc.*
   939 F.2d 1574 (Fed. Cir. 1991)............................................................................. 2, 5
*Dynamic Mfg. Inc. v. Craze*
   46 U.S.P.Q.2d 1548 (E.D. Va. 1998)....................................................................... 5
*Ethicon, Inc. v. U.S. Surgical Corp.*,
   135 F.3d 1456 (Fed. Cir. 1998)................................................................................ 6
*FW/PBS, Inc. v. City of Dallas*
   493 U.S. 215 (1990)................................................................................................. 3
*Gaia Techs., Inc. v. Reconversion Techs., Inc.*
   93 F.3d 774 (Fed. Cir. 1996).................................................................................... 4
*Intel Corp. Microprocessor Antitrust Litig.*, *In re*,
   452 F. Supp. 2d 555 (D. Del. 2006)..................................................................... 1, 3
*McNutt v. General Motors Acceptance Corp.*
   298 U.S. 178 (1936)................................................................................................. 3
*Pfizer Inc. v. Elan Pharm. Research Corp.*
   812 F. Supp. 1352 (D. Del. 1993)............................................................................ 3
*Procter & Gamble Co. v. Paragon Trade Brands, Inc.*
   917 F. Supp. 309 (D. Del. 1995)...................................................................... 2, 4, 5
*TM Patents, L.P. v. Int'l Bus. Machs. Corp.*
   121 F. Supp. 2d 349 (S.D.N.Y. 2000)..................................................................... 4

**STATUTES**

35 U.S.C. § 261............................................................................................................. 4
Federal Rule of Civil Procedure 12(b)................................................................... 1, 3, 6
Federal Rule of Civil Procedure 41(a)......................................................................... 1

**OTHER AUTHORITIES**

37 C.F.R. § 3.54........................................................................................................... 4

**TREATISES**

15-101 *Moore's Federal Practice – Civil* § 101.31 (2007)............................................ 3
2-12 *Moore's Federal Practice – Civil* § 12.34[1][b] (2007)........................................ 3

**I.    NATURE AND STAGE OF THE PROCEEDING**

On February 16, 2007, more than four years after U.S. Patent No. 6,500,476 ("'476 Patent") had issued, Plaintiff Huntley L.L.C. ("Huntley") filed a Complaint for Patent Infringement against Defendant Monterey Mushrooms, Inc. ("Monterey Mushrooms") based on a claim of an equitable interest in the '476 Patent due to legal fees owed to Huntley by a non-party, EPL Technologies, Inc. ("EPL"). (Complaint, D.I. 1, *Huntley & Associates, LLC v. Monterey Mushrooms Inc.*, C.A. No. 07-086 (GMS) ("Huntley I").) After Monterey Mushrooms filed a motion to dismiss, Huntley withdrew its complaint. (Motion to Dismiss, D.I. 8 and Motion to Withdraw Complaint, D.I. 10, Huntley I.)[1]

Eleven months after voluntarily dismissing its first suit, Huntley has filed a second Complaint against Monterey Mushrooms. (Complaint, D.I. 1, Huntley II.) Monterey Mushrooms submits this brief in support of its motion to dismiss Huntley's complaint with prejudice for lack of standing and subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Rule 12(b)(1) Motion to Dismiss With Prejudice).

**II.    SUMMARY OF ARGUMENT**

Under Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction if the plaintiff lacks standing. *See Affymetrix, Inc. v. Illumina, Inc.*, 446 F. Supp. 2d 292, 294 (D. Del. 2006); *In re Intel Corp. Microprocessor Antitrust Litig.*, 452 F. Supp. 2d 555, 557 (D. Del. 2006). The four causes of action alleged in Huntley's complaint all depend on Huntley's claim of an equitable interest in the '476 Patent. Huntley's claim of an equitable interest is based on an engagement letter between EPL and Huntley for legal services, and Huntley's assertion that EPL did not pay fees due to Huntley. The engagement letter, however,

---

[1] Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a).

contains no language that would create an interest in the '476 patent in the event of a failure to pay legal fees. As such, Huntley can show no equitable interest in the '476 Patent and therefore does not have standing to sue. Monterey Mushrooms respectfully requests that the Court dismiss Huntley's Complaint with prejudice.

Further, to have standing to recover money damages for infringement of a United States patent, a plaintiff must have held legal title to the patent during the time of the infringement. *See Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991); *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 309 (D. Del. 1995). Here, Huntley only purports to have an equitable interest in the '476 Patent. (Complaint ¶ 10, D.I. 1.) This is insufficient to confer standing for Huntley's patent infringement action.

### III.     STATEMENT OF FACTS

Huntley purports to have an "equitable interest" in the '476 Patent. (Complaint ¶ 10, D.I. 1.) Huntley bases its assertion on a Notice of Equitable Claim in Patent Application ("Notice of Equitable Claim") filed by Donald W. Huntley with the United States Patent and Trademark Office ("PTO") that has a recordation date of December 16, 2002. (*See* Complaint ¶ 10, D.I. 1; *see also* Notice of Equitable Claim, Ex. A, attached hereto.) The Notice of Equitable Claim references an engagement letter between EPL and Huntley as the basis for the equitable interest. (*See id.*) But, the letter does not contain any language regarding an assignment of the '476 Patent, let alone any interest in the patent in the event EPL failed to pay Huntley legal fees. (*See id.*)

Monterey Mushrooms purchased the '476 Patent from EPL via an Assignment dated May 7, 2003 signed by Paul Devine, who was the Chief Executive Officer of EPL. The Assignment was subsequently recorded with the PTO. (*See* Assignment, Ex. B, attached hereto.) Additional facts are set forth in the Argument section, *infra*, as appropriate.

## IV.  ARGUMENT

### A.  Legal Standard.

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to "dismiss an action for lack of subject matter jurisdiction if the plaintiff lacks standing to bring his claim." *Affymetrix*, 446 F. Supp. 2d at 294; *see also Intel*, 452 F. Supp. 2d at 557.[2]  "A motion to dismiss under 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction." *Affymetrix*, 446 F. Supp. 2d at 294-95; *see also Intel*, 452 F. Supp. 2d at 557. In considering a facial challenge, a court "must accept all *factual* allegations in the complaint as true and all reasonable inferences must be drawn in favor of the plaintiff." *Intel*, 452 F. Supp. 2d at 557 (emphasis added);[3] *see also Affymetrix*, 446 F. Supp. 2d at 295. "In contrast, when considering a factual challenge, a court is free to weigh the evidence and no presumption of truthfulness attaches to the plaintiff's allegations." *Affymetrix*, 446 F. Supp. 2d at 295; *see also Intel*, 452 F. Supp. 2d at 558.

Once subject matter jurisdiction is challenged, the plaintiff bears the burden to establish subject matter jurisdiction exists regardless of the stage of the litigation.  *See Intel*, 452 F. Supp. 2d at 558*; see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); 15-101 *Moore's Federal Practice – Civil* § 101.31 (2007).

---

[2]  A motion to dismiss for lack of standing may also be treated as a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6).  This Court, however, has recognized that a Rule 12(b)(1) motion "arguably provides a closer analogy" to a motion to dismiss for lack of standing than a Rule 12(b)(6) motion.  *See Pfizer Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1357 n.6 (D. Del. 1993).

[3]  While facts must be accepted as alleged, a court need not accept legal conclusions or bald assertions.  *See* 2-12 *Moore's Federal Practice – Civil* § 12.34[1][b] (2007).

**B.     Huntley Lacks Standing to Sue.**

**1.     Huntley has not demonstrated any equitable interest in the '476 Patent and lacks standing to sue on any of his causes of action.**

35 U.S.C. § 261 provides in relevant part:  "Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing."  35 U.S.C. § 261; *see also Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 778-80 (Fed. Cir. 1996), *as amended on rehearing on different grounds*, 104 F.3d 1296 (Fed. Cir. 1996); *Procter & Gamble*, 917 F. Supp. at 308-09.  Further, "[t]he recording of a document . . . is not a determination by the [PTO] of the validity of the document or the effect the document has on the title to an application, a patent, or a registration."  37 C.F.R. § 3.54; *see also Gaia Techs.*, 93 F.3d at 778 n.3 (Fed. Cir. 1996); *TM Patents, L.P. v. Int'l Bus. Machs. Corp.*, 121 F. Supp. 2d 349, 364-65 (S.D.N.Y. 2000).

Here, Huntley purports to have an "equitable interest" in the '476 Patent.  (Complaint ¶ 10, D.I. 1, Huntley II.)  As stated in its Complaint, Huntley filed a Notice of Equitable Claim with the PTO that has a recordation date of December 16, 2002.  (*Id.*)  The Notice of Equitable Claim states that Huntley's "ownership interest flows from unpaid fees for legal services rendered pursuant to an agreement between EPL Technologies, Inc., the assignee of the above patent application, and the undersigned effective September 27, 2000, a copy of which is attached hereto."  (Ex. A.)  But, the agreement referred to in the Notice of Equitable Claim is simply an engagement letter between Huntley and EPL.  (*See id.*)  The engagement letter does not state any consequences that would occur if EPL failed to pay its legal fees.  Indeed, Huntley can point to no language in the letter that creates any interest in the '476 Patent in the event of failure to pay legal fees.  Nor can Huntley rely on the Notice of Equitable Claim or the Recordation Form Cover Sheet ("Cover Sheet") to demonstrate an assignment from EPL,

since the Notice of Equitable Claim and Cover Sheet show only Donald W. Huntley as the signatory. As such, merely on the face of the Complaint and the documents referenced therein, Huntley has failed to establish that it has any interest in the '476 patent. Since all four of Huntley's causes of action depend on Huntley's claim of an equitable interest, Huntley's Complaint should be dismissed with prejudice.

    **2. Even if Huntley has an equitable interest, Huntley lacks standing to sue on his patent infringement action since an equitable interest does not confer standing in an action "at law."**

Even if Huntley can somehow establish that it has an equitable interest in the '476 Patent, without legal title Huntley has no standing to bring an action "at law." *See Arachnid,* 939 F.2d at 1579; *Procter & Gamble*, 917 F. Supp. at 309. When a plaintiff sues for money damages and equitable relief, the action is treated as one "at law." *See id.* at 309 n.6. In *Procter & Gamble*, a counterclaimant argued that because it was the "equitable owner" of a patent it had standing to bring an infringement counterclaim on that patent. *See id.* at 308. This Court dismissed the counterclaim and stated that equitable ownership would not provide standing for a party that has sued for money damages and equitable relief. *See id.* at 309; *see also Dynamic Mfg. Inc. v. Craze*, 46 U.S.P.Q.2d 1548, 1553 (E.D. Va. 1998) ("[E]ven if the Court determined that [plaintiff] was an 'equitable title holder,' which it is not, still plaintiff would not be entitled to the damages sought in this case, both monetary and equitable relief.").

Here, Huntley seeks both money damages and a permanent injunction for its patent infringement action. (Complaint at 4-5, D.I. 1.) As such, the action is one "at law." But, ownership of an equitable interest does not confer standing in an action "at law." Hence, even if

Huntley can establish that it has an equitable interest in the '476 Patent, which it has not,[4] Huntley still lacks standing to bring its patent infringement action.

V.    CONCLUSION

For the foregoing reasons, Monterey Mushrooms respectfully requests that the Court grant its Rule 12(b)(1) Motion to Dismiss With Prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

———————————————————

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Defendant*
*Monterey Mushrooms Inc.*

OF COUNSEL:

Ricardo Rodriguez
Reuben Chen
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000

July 28, 2008
2428123

---

[4]   Further, Huntley has not shown how its alleged equitable interest based on unpaid legal fees would entitle it to have sole ownership interest in the '476 Patent despite Monterey Mushrooms having purchased the patent from EPL for good value.  The Federal Circuit has stated that owners of a partial interest in a patent cannot sue without the consent of all owners.  *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998) ("[A]s a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit.").

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants.

I also certify that on July 28, 2008, true and correct copies of the foregoing were caused to be served upon the following individuals in the manner indicated:

**BY E-MAIL & HAND-DELIVERY**

Donald W. Huntley
HUNTLEY & ASSOCIATES
1105 North Market Street
Wilmington, DE  19899-0948

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

2428123

1

# EXHIBIT A

Case 1:08-cv-00377-GMS     Document 11-2     Filed 07/28/2008     Page 1 of 9

12/16/02

12-20-2002

FORM PTO 1595 (REV 6-93)
OMB No. 0651-0011 (exp. 4/94)

RECC

102317130

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

To the Honorable Commissioner of patents: record the attached original documents or copy thereof.

| 1. Name of conveying party(ies): EPL Technologies, Inc. | 2. Name and address of receiving party(ies) |
|---|---|
| Additional name(s) of conveying party(ies) attached? ___ Yes _X_ No | Name: Huntley & Associates |
| 3. Nature of conveyance: | Street Address: 1105 N. Market St, P.O. Box 948 |
| __ Assignment        __ Merger | City: Wilmington State: DE   Zip: 19899-0948 |
| __ Security Agreement  __ Change of Name | Country: USA |
| _X_ Other  Notice of Equitable Claim | Additional name(s) & address(es) attached ___ Yes _X_ No |
| Execution Date: December 9, 2002 | |

4. Application number(s) or patent number(s):
   If this document is being filed together with a new application, the execution date of the application is
   A. Patent Application No.(s)         B. Patent No.(s)
   09/896,865

Additional numbers attached? ___Yes _X_No

Total number of applications and patents involved: 1

| 5. Name and address to party whom correspondence concerning document should be mailed: | 7. Total fee (37 CFR 3.41).........$40.00 |
|---|---|
| Name: Donald W. Huntley | _X_ Enclosed |
| | ___ Authorized to be charged to deposit account |
| Street Address: P.O. Box 948 | |
| 1105 North Market Street | 8. Deposit account number: |
| City: Wilmington  State: DE  ZIP: 19899-0948 | 08-3440 |

DO NOT USE THIS SPACE

9. Statement and signature
   To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

   DONALD W. HUNTLEY         [signature]         December 9, 2002
   Name of Person Signing       Signature            Date

   Total number of pages including coversheet, attachments, and document: 2

   Mail documents to be recorded with required cover sheet information to:
   Commissioner of Patents & Trademarks, Box Assignments
   Washington, D.C. 20231

12/19/2002 JJALLAH2 00000023 09896865
01 FC:8021                    40.00 OP

PATENT
REEL: 013586 FRAME: 0948

## NOTICE OF EQUITABLE CLAIM IN PATENT APPLICATION

I, the undersigned Donald W. Huntley, hereby affirm that Huntley & Associates, LLC is the holder of an equitable ownership interest in Martin et al., U.S. Patent Application Serial No. 09/896,865, filed June 29, 2001. This ownership interest flows from unpaid fees for legal services rendered pursuant to an agreement between EPL Technologies, Inc., the assignee of the above patent application, and the undersigned effective September 27, 2000, a copy of which is attached hereto.

Subscribed and sworn to this 9th day of December 2002.

HUNTLEY & ASSOCIATES, LLC

By _____
      Donald W. Huntley

STATE OF DELAWARE          )
                           ) SS:
COUNTY OF NEW CASTLE       )

Subscribed and sworn to before me this 9th day of December 2002

_____
Mark C. Gregory
Notary Public
Delaware Bar ID 3395

L:\clients\EPL Technologies\Notice of Claim.doc

**PATENT**
**REEL: 013586 FRAME: 0949**

HUNTLEY & ASSOCIATES
1105 NORTH MARKET STREET
P.O. BOX 948
WILMINGTON, DE 19899-0948

TELEPHONE: (302) 426-0610
FACSIMILE: (302) 426-0612

DONALD W. HUNTLEY

MARK C. GREGORY
BRIAN A. GOMEZ

OF COUNSEL:
THEODORE C. GREGORY
(ADMITTED IN OHIO AND D.C. ONLY)

E-MAIL:
HUNTLEY@MONOPOLIZE.COM
GREGORY@MONOPOLIZE.COM
GOMEZ@MONOPOLIZE.COM

RECEIVED SEP 2 0 2000
EPL TECHNOLOGIES, INC.

OCT 0 2 2000

September 19, 2000

Mr. Alvin S. Topolski
EPL Technologies, Inc.
127 Wembley road
Wilmington, DE 19808-1425

Dear Al:

    Thank you for stopping in yesterday with Bill Romig to discuss the possibility of our helping to pursue patent protection for EPL, initially in connection with packaging using the microperforated film that you have developed.

    If you would like us to handle the preparation, filing and prosecution of a patent application for this development, we would be glad to do so. As we discussed, before preparing and filing a patent application, it is generally worthwhile to carry out a preliminary search of the prior art, to see what published literature is available that would impact on the patentability of the development. We can generally carry out sufficient searching to get a good reading on the prior art for $1500 or less. However, we jointly had some doubts on the likelihood that that available sources for information in a search would disclose the true state of the art. A variety of packages may have been made and sold that could impact patentability, but not find their way into the published literature. Particularly with the time constraints that you have in filing a patent application, it may be better to focus our efforts on the application rather than a search.

    The initial preparation of a patent application typically involves 30 to 50 hours of professional time. If we feel that one or more drawings would help in the understanding of the invention, these would be prepared by one of our regular draftsmen to meet the fairly specific Patent Office requirements. The basic official filing fee in the U.S. Patent and Trademark Office for a patent application is $690. If your business qualifies as a small entity, that is, having less than 500 employees, the filing fee would be reduced by 50%.

    Expenses during the course of prosecution in the U.S. Patent and Trademark Office will necessarily vary with the complexity of the prosecution. It is customary for the

Mr. Alvin S. Topolski
September 19, 2000
2

Commissioner to issue one or two Office Actions before allowing an application, each one of which typically involves 5 to 10 hours of professional time to review and draft a response. If the application is allowed, an issue fee in the amount of $1,210 ($605 for a small entity) is required to have the patent issue. After issuance, maintenance fees are due at 3.5, 7.5 and 11.5 years to maintain the patent in force.

Our current billing rates for attorneys' time range from $160 to $205 per hour. Paralegal time is billed at $75 per hour. All time is billed in tenths of an hour. We also bill for expenses such as long distance telephone charges, courier service, photocopying, official fees and travel. We render bills for services and expenses monthly and ask that you review our invoices and get back with any questions within ten (10) days. In the absence of questions, bills are payable within thirty (30) days.

If you elect to proceed, you have the absolute right to discharge this firm for any reason at any time, with or without explanation. Upon request from you, we shall promptly turn over your file to you or any other counsel you may retain. You will, however, remain responsible for all fees and costs incurred through the date that we are discharged.

Thanks again for contacting us in connection with your patent work. If the above terms provide a satisfactory basis for moving forward, please indicate the acceptance of EPL as provided below and return one fully executed copy of this letter. We're looking forward to the possibility of working with you on this.

Yours sincerely,

Donald W. Huntley

CC:   Dr. William R. Romig

ACCEPTED:

EPL TECHNOLOGIES, INC

By_____

Title:_____

Date:_____

# EXHIBIT B

Case 1:08-cv-00377-GMS    Document 11-2    Filed 07/28/2008    Page 6 of 9

03-13-06   05:47pm   From-COOLEY GODWARD LLP   650 857 0663   T-937  P.002/004  F-739

| Form PTO-1595 (Rev. 08/05)<br>(Rev. 10-05)<br>OMB No. 0651-0027 (exp. 6/30/2008) | RECORDATION FORM COVER SHEET<br>PATENTS ONLY | U.S. DEPARTMENT OF COMMERCE<br>U.S. Patent and Trademark Office |
|---|---|---|

To the Director of the U.S. Patent and Trademark Office: Please record the attached documents or the new address(es) below.

**1. Name of conveying party(ies):**
EPL Technologies, Inc.

Additional name(s) of conveying party(ies) attached? [ ] Yes [X] No

**3. Nature of conveyance/Execution Date(s):**
Execution Date(s): May 7, 2003

[X] Assignment   [ ] Merger
[ ] Security Agreement   [ ] Change of Name
[ ] Joint Research Agreement   [ ] Government Interest Assignment
[ ] Executive Order 9424, Confirmatory License
[ ] Other ( )

**2. Name and address of receiving party(ies)**
Name: Monterey Mushrooms, Inc.
Internal Address:
Street Address: 260 Westgate Drive
City: Watsonville
State: California
Zip: 95076

Additional name(s) & address(es) attached? Yes [ ] No [X]

**4. Application number(s) or patent number(s):** [ ] This document is being filed together with a new application.

A. Patent Application No.(s):

B. Patent No.(s): 6,500,476

Additional numbers attached? [ ] Yes [X] No

**5. Name and address of party to whom correspondence concerning document should be mailed:**
Cooley Godward LLP
Patent Group
Street Address: Five Palo Alto Square
3000 El Camino Real
City: Palo Alto
State: CA
Zip: 94306-2155

**6. Total number of applications and patents involved:** [1]

**7. Total fee (37 CFR 1.21(h) & 3.41) ...... $40.00**
[ ] Enclosed
[X] Authorized to be charged to deposit account

**8. Deposit account number:** 03-3117
The Commissioner is hereby authorized to charge any appropriate fees under 37 CFR 3.41 that may be required by this paper, and to credit any overpayment to Deposit Account No. 03-3117. This paper is submitted in duplicate.

**DO NOT USE THIS SPACE**

**9. Signature:** [signature]   **Date:** March 13, 2006
**Name of Person Signing:** Cliff Z. Liu, Registration No. 50,834

Total number of pages including cover sheet, attachments, and documents: [3]

Documents to be recorded (with cover sheet) should be faxed to (571) 273-0140, or mailed to:
Mail Stop Assignment Recordation Services, Director of the U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450

I hereby certify that this correspondence is being transmitted by facsimile addressed to Assignment Division, Facsimile Number 571-273-0140, at United States Patent and Trademark Office, Alexandria, VA 22313-1450 on March 13, 2006.

By [signature]
Gina Simon

722564 v1/PA

700250333

**PATENT**
**REEL: 017325 FRAME: 0598**

03-13-06   05:48pm   From-COOLEY GODWARD LLP                    650 857 0663           T-937  P 003/004  F-739

## ASSIGNMENT

WHEREAS, EPL Technologies, Inc. a Colorado corporation ("EPL"), is owner of United States No. 6,500,476 and PCT Application 02/20895 (the Patents)

AND WHEREAS, Monterey Mushrooms, Inc. a California corporation (hereafter, together with any successors, legal representatives of assign thereof, called "Assignee"), wants to acquire the entire right, title and interest in and to said Patents and all other Assets as described in agreements dated this date.

NOW, THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, EPL does hereby sell, assign transfer and set over to Assignee all right, title and interest in and to said Patents and Assets (as that term is used in the Patent Purchase Agreement and Release of Claims dated this date, referred to herein as the Agreement), and all applications, divisions, substitutions, continuations and continuations-in-part thereof, and all United States Letters Patents which may be granted thereon and all reissues and extensions thereof, and all priority rights under all international conventions pertaining thereto, and all applications for patents (including related rights such as utility-model registrations, inventor's certificates, and the like) heretofore or hereafter filed for said Patents or Assets in any foreign countries, and all patents (including all extensions, renewals and reissues thereof) granted in any foreign countries; and EPL hereby authorize and request the United States Commissioner of Patents and Trademarks, and any officials of foreign countries whose duty it is to issue patents on applications as aforesaid, to issue all patents for said Patents or Assets to Assignee in accordance with the terms of this assignment;

AND EPL HEREBY covenants that it has full right to convey all interest herein assigned, and that it has not executed, and will not execute, any agreement in conflict herewith;

AND EPL HEREBY further covenants and agrees that it will communicate to Assignee any facts known to it respecting said improvements, and testify in any legal proceeding, sign all lawful papers, execute all divisional, continuation, continuations-in-part, substitute and reissue applications, make all rightful oaths and generally do everything possible to aid Assignee to obtain and enforce proper patent protection for said Patents and Assets in all countries.

It is the intention of the parties hereto that the Assignment made herein shall not operate to merge with or satisfy the covenants, warranties, terms or other obligations of EPL under the Agreement, all of which survive closing and continue according to the Agreement being and remaining at all times separate and distinct.

IN TESTIMONY WHEREOF, I hereunto set my hand this 27st day of May, 2003

**PATENT
REEL: 017325 FRAME: 0599**

03-13-06  05:48pm  From-COOLEY GODWARD LLP          650 857 0663      T-937  P 004/004  F-739

STATE OF ~~PENNSYLVANIA~~ GEORGIA )
                                  ) ss:
COUNTY OF _____          )

On __5/7__, 2003, before the undersigned, a Notary Public for the State and County aforesaid, personally appeared Paul Chen and Denise _____ known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the above assignment, and acknowledged that he executed the same.

_____
Notary Public

Susan R. Dieckmann, Notary Public
Fayette County, State of Georgia
My Commission Expires May 1, 2004

RECORDED: 03/13/2006

PATENT
REEL: 017325 FRAME: 0600