IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUntLEY, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-377-GMS |
| ) | |
| MONTEREY MUSHROOMS INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

On June 24, 2008, the plaintiff, Huntley, L.L.C. ("Huntley") filed this action against the defendant, Monterey Mushrooms, Inc., ("Monterey") for infringement of U.S. Patent No. 6,500,476 ("the '476 patent"). (D.I. 1.) Presently before the court are the defendant's motion to dismiss for lack of standing and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and the defendant's motion for costs of a previously dismissed action pursuant to Fed. R. Civ. P. 41(d). (D.I. 8, 10.) For the reasons that follow, the court will grant the defendant's motion to dismiss (D.I. 10) and grant in part and deny in part the defendant's motion for costs (D.I. 8).

**II.   BACKGROUND**

**A.   Factual Background**

This action arises out of a dispute over unpaid legal fees. On September 27, 2000, Huntley and EPL Technologies, Inc. ("EPL") executed an engagement letter whereby EPL retained Donald W. Huntley, Esq. ("Mr. Huntley") and his firm to provide certain legal services.[1]

---

[1] The engagement letter is provided on "Huntley & Associates" letterhead, which includes the address of the firm, the name of "Donald W. Huntley," and the names of three other attorneys

(D.I. 1 at Ex. A.) Specifically, pursuant to the engagement letter, Mr. Huntley agreed to "handle the preparation, filing and prosecution of a patent application" for EPL. (*Id.*) The engagement letter outlines the steps involved in the patent prosecution process, as well as certain costs and expenses in connection with the process. (*Id.*) The engagement letter also explains the billing rates' for the attorneys at Mr. Huntley's firm and the monthly billing process and payment terms for services rendered and expenses incurred in connection with the representation. (*Id.*) The engagement letter, however, contains no language regarding an assignment of the '476 patent, or any interest in the patent in the event EPL failed to pay Mr. Huntley's legal fees.

According to the complaint, on December 31, 2002, the United States Patent and Trademark Office (the "PTO") issued the '476 patent to EPL. (D.I. 1 ¶ 9, Ex. B.) Following a dispute with EPL over unpaid legal fees, on December 16, 2002, Mr. Huntley filed a "Notice of Equitable Claim" (the "Notice") with the PTO in the '476 patent prosecution file. (*Id.* at ¶ 10.) Among other things, the Notice includes a sworn affidavit from Mr. Huntley affirming that:

> Huntley & Associates LLC is the holder of an equitable ownership interest in [the '476 patent application]. This ownership interest flows from unpaid fees for legal services rendered pursuant to an EPL Technologies, Inc., the assignee of the above patent application, and the undersigned effective September 27, 2000.

(D.I. 1 at Ex. C.) The Notice references the engagement letter between EPL and Mr. Huntley as the basis for Huntley's "equitable interest" in the '476 patent. (*Id.* at ¶ 10.) This Notice, however, is signed only by Mr. Huntley.[2] (*Id.*) It is not signed by either EPL or Monterey. (*Id.*)

---

associated with the firm. (D.I. 1 at Ex. A.) The court notes that neither Mr. Huntley, nor Huntley & Associates are named as parties in this suit.

[2] In fact, there is no indication in the record that either EPL or Monterey even knew of the Notice prior to it being filed with the PTO on December 16, 2002.

On May 7, 2003, EPL assigned "all rights, interest, and title" in the '476 patent to Monterey (the "Assignment Agreement"). (D.I. 1 ¶ 12, Ex. D.)

### B. Procedural History

On February 16, 2007, Mr. Huntley originally filed suit in this court on behalf of Huntley & Associates, L.L.C. ("Huntley & Associates") against Monterey for infringement of the '476 patent (the "First Action"). *Huntley & Associates, L.L.C. v. Monterey Mushrooms, Inc.*, C.A. No. 07-086-GMS (D. Del. Feb. 16, 2007). In the First Action, Huntley & Associates claimed that it was "the owner of an equitable interest in" the '476 patent. (C.A. No. 07-086-GMS, at D.I. 1 ¶ 6.) On June 13, 2007, Monterey filed a motion to dismiss the First Action pursuant to Federal Rule of Civil Procedure 12(b)(1) for both lack of subject matter jurisdiction and for lack of standing.[3] (*Id.* at D.I. 7.) On July 31, 2007, without explanation and without responding to Monterey's motion to dismiss, Huntley & Associates filed a motion to withdraw the complaint in that action. (*Id.* at D.I. 10.) As a result, the First Action was subsequently closed on September 11, 2007.

On June 24, 2008, Huntley filed the instant action against Monterey for patent infringement (the "Second Action"). (D.I. 1.) In this Second Action, Huntley, again, alleges that Monterey infringes the '476 patent, and that it has an "equitable interest in the '476 patent." (*Id.* at ¶ 10.) Huntley is also seeking to enforce a so-called "equitable lien" on proceeds derived from the '476 patent, as well as "quasi-contract" damages stemming from the EPL's alleged failure to pay legal fees incurred during the '476 patent application process. (*Id.* at 4, 6-7.) On July 28, 2008, Monterey filed a motion to dismiss the Second Action under Rule 12(b)(1) for lack of subject matter jurisdiction and lack of standing. (D.I. 11.) In addition, Monterey also filed a

---

[3] Monterey also filed an opening brief in support of its motion to dismiss. (C.A. No. 07-086-GMS, at D.I. 8.)

motion for costs incurred in defending the previously dismissed First Action. (D.I. 9.) The parties completed full briefing on each these motions on November 18, 2008. (D.I. 22.)

## III. PARTIES' CONTENTIONS

In its motion to dismiss, the defendant contends that this action should be dismissed for lack of standing. (D.I. 10.) Specifically, Monterey argues that, among other things, Huntley has no equitable interest in the '476 patent and, therefore, lacks standing to sue on any of the causes of action alleged in the complaint. (D.I. 11 at 4.) In its motion for costs of the previous action, Monterey contends that Huntley should be required to pay for costs Monterey incurred in defending the First Action, given that the complaint filed in the Second Action includes "essentially the same claim" as the complaint filed in the First Action. (D.I. 9 at 5.)

Huntley, on the other hand, contends that the defendant's motions are without merit and should, therefore, be denied. (D.I. 18, 19.) In particular, regarding the defendant's motion to dismiss, Huntley argues that it, indeed, has an equitable interest in the '476 patent; and that this interest alone is sufficient to bring this action. (D.I. 18 at 1.) Huntley further argues that based on this equitable interest, it can "perfect legal title to the '476 patent," in essence curing any alleged defects in title. (*Id.* at 2.)

## IV. STANDARD OF REVIEW

### A. <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Rule 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. *Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008). Moreover, Rule 12(b)(1) motions may present either a facial or factual challenge to the court's subject matter jurisdiction.

*Id.* Where the movant presents a facial challenge, the court must accept all factual allegations in the complaint as true and may only consider the complaint and documents referenced therein or attached thereto. *Id.* (citing *Gould Elecs., Inc., v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). Where the movant presents a factual challenge, however, the court need not confine its consideration to the allegations of the complaint nor accept those allegations as true. *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977). Rather, the court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, "to resolve any factual issues bearing on jurisdiction." *Samsung*, 541 F. Supp. 2d at 648 (citation omitted). Indeed, the "plaintiff bears the burden of proving that jurisdiction exists." *Id.*

### B. Federal Rule of Civil Procedure 41(d)

Federal Rule of Civil Procedure 41(d) provides that:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). This rule permits a court to award costs to a party required to twice defend the same action where the facts of a case warrant such an award. *Meredith v. Stovall*, No. 99-3350, 2000 U.S. App. LEXIS 14553, at *4 (10th Cir. June 23, 2000) (noting that the "purpose of the rule is to prevent the maintenance of vexatious law suits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct") (citation omitted).

## V. DISCUSSION

Here, after having considered the record in this case, the parties' submissions and the applicable law, the court concludes that: (A) Huntley lacks standing to bring this suit against Monterey for infringement of the '476 patent and that (B) Monterey is entitled to an award, at least in part, for costs incurred in defending the previously dismissed First Action. The court will, therefore, grant Monterey's motion to dismiss pursuant to Rule 12(b)(1) and grant in part and deny in part Monterey's motion for costs of a previously dismissed action pursuant to Rule 41(d).

### A. Whether Huntley Lacks Standing to Sue Monterey for Infringement of the '476 Patent

In determining whether a litigant has standing, the court must determine "whether the litigant is entitled to have the court decide the merits of a dispute or of particular issues." *Warth v. Selden*, 422 U.S. 490, 498 (1975). In making this determination, the plaintiff bears the burden of demonstrating standing. *See Ortho Pharm. Corp., v. Genetics Inst., Inc.*, 52 F.3d 1026, 1032-33 (Fed. Cir. 1995). Indeed, it is well settled that "[s]tanding cannot be inferred argumentatively from the averments in the pleadings, but rather must affirmatively appear in the record." *Argos v. Orthotec, LLC*, 304 F. Supp. 2d 591, 593 (D. Del. 2004) (internal quotations and citations omitted). It is, likewise, well settled that, in order to have standing, a plaintiff seeking damages for patent infringement must hold legal title to the patent allegedly infringed. *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 309 (D. Del. 1995). Moreover, an action seeking both damages and equitable relief is treated as one at law. *Id.* at 309 n.6 (citation omitted).

Here, the court concludes that Huntley lacks standing to sue Monterey for infringement of the '476 patent for a number of reasons. First, Huntley does not hold legal title to the '476 patent. Indeed, there is no dispute that Huntley is neither an inventor, nor a licensee of the '476 patent. There is also no credible dispute that Huntley is not an assignee of the '476 patent. *See* 35 U.S.C. § 261 (requiring that "patents or any interest therein, shall be assignable in law by an instrument in writing"). Accordingly, Huntley is not the legal owner of the '476 patent, and thus, has no ownership interest in or legal title to the '476 patent.

Second, Huntley also has no equitable interest in the '476 patent. As the defendant correctly notes, neither the Notice nor the engagement letter confer any "interest" in the '476 patent. In fact, the engagement letter contains no language regarding any assignment of the '476 patent. The engagement letter also contains no language concerning any interest in or benefit from the patent inuring to Huntley in the event EPL failed to pay its legal fees. Similarly, and contrary to Huntley's blanket assertions, the Notice also does not confer any rights or interests in the '476 patent. The Notice contains no language assigning the '476 patent or any interest in the '476 patent to Huntley. The fact that the Notice is recorded with the PTO, and part of the '476 patent prosecution history, is also inconsequential as to whether Huntley has any interest in the '476 patent. *See* 37 C.F.R. § 3.54 ("The recording of a document . . . is not a determination by the [PTO] of the validity of the document of the effect the document has on the titled to an application, a patent, or a registration."). Moreover, the Notice is also legally insufficient because it is signed only by Huntley, and not by either EPL or Monterey.

Third, the court rejects Huntley's claim that it has an equitable interest in the '476 patent via a "grantor's lien." The court is not persuaded that the cases Huntley cites support this rather

novel proposition. In fact, none of these cases involve or even address the notion of a grantor's lien in the context of a patent infringement suit, let alone a grantor's lien stemming from a dispute over a patentee's failure to pay legal bills in connection with a patent application.

Because Huntley fails to establish that it has any legal or equitable interest in the '476 patent, the court finds that Huntley lacks standing to sue Monterey for infringement of the '476 patent or to proceed with any of its alleged causes of action in this case. The court must, therefore, grant Monterey's motion to dismiss this action pursuant to Rule 12(b)(1).

### B. Whether Monterey is Entitled to Costs of a Previously Dismissed Action Under Fed. R. Civ. P. 41(d)

After comparing the pleadings filed in this Second Action, with those filed in the First Action, the court finds that Monterey is entitled to at least some of the costs incurred in defending the First Action. In reviewing the records in these cases, the court is persuaded that this Second Action is, in large part, based on and includes the "same claim against the same defendant," Monterey. The court is also persuaded that as a result of these two actions, and being forced to essentially "twice defend the same action," Monterey has suffered prejudice that warrants an award under the rule. Fed. R. Civ. P. 41(d). The court will, therefore, grant in part and deny in part Monterey's motion for costs of a previously dismissed action pursuant to Rule 41(d).[4]

---

[4] The court will permit the defendant to file, within five (5) days of the docketing of this Memorandum and Order, an itemized application for reasonable attorneys' fees and costs, which delineates the actual hours expended, the costs incurred, and the specific tasks performed by the defendant's counsel in C.A. No. 07-086-GMS, *i.e.*, the First Action. The plaintiff will, likewise, be permitted to file a response to the defendant's itemized application within five (5) days from the date of service of the defendant's submission.

## VI. CONCLUSION

For the foregoing reasons, the court will, therefore, grant Monterey's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (D.I. 10), and grant in part and deny in part Monterey's motion for costs of a previously dismissed action pursuant to Rule 41(d) (D.I. 8).

Dated: September 18, 2009

_____
CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUNTLEY, L.L.C., | ) |
|       Plaintiff, | ) |
| v. | )   Civil Action No. 08-377-GMS |
| MONTEREY MUSHROOMS INC., | ) |
|       Defendants. | ) |

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's motion to dismiss (D.I. 10) is GRANTED with prejudice.

2. The defendant's motion for costs of a previously dismissed action (D.I. 8) is GRANTED IN PART and DENIED IN PART.

Dated: September 18, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE